O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. 5:15-CV-00380 (VEB)

ADALBERTO R. SERRANO,

         Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

         Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In January of 2013, Plaintiff Adalberto R. Serrano applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by the Law Offices of Martin Taller, APC, Troy Dana Monge, Esq., of counsel, commenced this action seeking

judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10, 12, 23). On March 16, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 22).

## II. BACKGROUND

Plaintiff applied for benefits on January 11, 2013, alleging disability beginning August 30, 2011. (T at 83-84).[1] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On May 5, 2014, a hearing was held before ALJ Mark Greenberg. (T at 861). Plaintiff appeared with his attorney and testified. (T at 867-89). The ALJ also received testimony from Gloria Lasoff, a vocational expert (T at 904-905), and Fabiola Nievez, Plaintiff's niece. (T at 892-904).

On June 3, 2014, the ALJ issued a written decision denying the application for benefits. (T at 18-33). The ALJ's decision became the Commissioner's final decision on February 13, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 8-14).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 16.

On March 2, 2015, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on September 1, 2015. (Docket No. 15). The parties filed a Joint Stipulation on December 7, 2015. (Docket No. 21).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court reverses the Commissioner's decision and remands this case for further proceedings.

## III. DISCUSSION

### A.  Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20

C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.  Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

C.   **Commissioner's Decision**

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2012 (the "date last insured") and did not engage in substantial gainful activity between August 30, 2011 (the alleged onset date) and the date last insured. (T at 26). The ALJ found that, as of the date last insured, Plaintiff's degenerative disc disease, degenerative joint disease, obesity, hypertension, diabetes mellitus, and post polio syndrome were "severe" impairments under the Act. (Tr. 26).

However, the ALJ concluded that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 27).

The ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR § 404.1567 (c), with the proviso that the ALJ found Plaintiff "prophylactically limited to unskilled work." (T at 27).

The ALJ concluded that Plaintiff could perform his past relevant work as a warehouse worker through the date last insured. (T at 31).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from August 30, 2011 (the alleged onset date) through the date last insured. (T at 32). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 8-14).

**D.  Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 21), Plaintiff offers five (5) main arguments in support of his claim that the Commissioner's decision should be reversed. First, he challenges the ALJ's consideration of the evidence regarding polio and, in particular, the ALJ's failure to discuss a Ruling addressing post-polio syndrome. Second, Plaintiff argues that the ALJ did not properly consider the opinion of Dr. Hoang, a consultative examiner. Third, Plaintiff challenges the ALJ's credibility assessment. Fourth, he contends that the ALJ erred

by failing to consider lay testimony. Fifth, Plaintiff asserts that the ALJ's assessment of his ability to read and write English was flawed. This Court will address each argument in turn.

## IV. ANALYSIS

### A.  Polio

As noted above, the ALJ determined that Plaintiff's post-polio syndrome was a severe impairment. (T at 26). In particular, the ALJ found that the medical record showed "no worsening post-polio residuals" and noted that, based on Plaintiff's employment history, the condition had not been disabling in the past. (T at 31).

Plaintiff challenges the ALJ's decision because the ALJ did not specifically reference or discuss SSR 03-1p. In sum, that ruling sets forth guidelines for the evaluation of claims involving "postpolio sequelae," which refers to a series of physical and mental disorders that may be manifested by polio survivors many years after acute polio infection. *See* SSR 03-1p. The Ruling notes that progressive muscle and motor weakness are the most common residual effects, along with fatigue and problems with "attention, concentration, cognition, or behavior." *Id.*

If the ALJ's error was simply the failure to discuss this particular Ruling, that error would likely not be sufficient, by itself, to warrant a remand. *See Spencer v. Astrue*, No. 3:11-CV-06085, 2012 U.S. Dist. LEXIS 178175, at *10-*13 (D. Or.

Dec. 17, 2012)(affirming ALJ's ruling even though it did not discuss specific standards for postpolio sequelae). However, for the reasons outlined below, this Court finds that a remand is required. On remand, the ALJ should certainly consider and discuss SSR 03-1p as it relates to the record here.

**B.     Dr. Hoang's Assessment**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, Dr. Anh Tat Hoang performed a consultative orthopedic examination in August of 2011. Dr. Hoang diagnosed poliomyelitis with atrophy of the right lower extremity, degenerative arthritis of the cervical and lumbar spine, probable arthritis (of the left shoulder, left elbow, left hip, bilateral knee), and cavus deformity of the right ankle, usually associated with poliomyelitis. (T at 644). Dr. Hoang opined that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk six hours in an 8-hour workday (with changes in position and normal breaks); and sit 6 hours in an 8-hour workday. (T at 644).

The ALJ afforded little weight to Dr. Hoang's opinion. (T at 30). The ALJ's assessment is problematic for the following reasons. First, the ALJ relied on assessments from two independent medical examiners, Dr. Shirzad Abrams and Dr.

Philip Sobol. (T at 30).[2] However, those assessments were rendered in 2005 and 2006 respectively, well before the alleged onset date of August 30, 2011. (T at 28, 336, 542). Given the progressive nature of post-polio syndrome, *see* SSR 03-1p (noting that postpolio sequelae can be "very slowly progressive" and "new problems associated with postpolio sequelae are gradual and non-traumatic"), assessments from well before the alleged onset date should have been given limited weight. The ALJ did not cite SSR 03-1p, so it is not clear that he considered this reason for affording lesser probative weight for assessments relatively remote in time from the alleged onset date.

Second, the ALJ relied heavily on the treatment notes of Dr. Mark Ramierz, who began treating Plaintiff shortly before the alleged onset date. Upon his first visit to Dr. Ramierz in July 2011, Plaintiff reported that he was having lumbar back pain, which caused pain with prolonged sitting, but said he could walk for an hour. (T at 648). In October of 2011, Plaintiff told Dr. Ramierz that he felt "fine." (T at 652). In December of 2011, Dr. Ramierz noted that Plaintiff was walking approximately 3 times per week. (T at 654). Although these relatively generic treatment notes provide some support for the ALJ's RFC determination, Dr. Ramierz

---

[2] Dr. Abrams assessed a limitation with respect to very heavy work; Dr. Sobol opined that Plaintiff should not perform heavy lifting, repetitive bending/stooping, or engage in very prolonged weight bearing. (T at 28, 30, 336-53, 542-62, 648-64).

was never asked to opine as to whether Plaintiff had any functional limitations. Indeed, the only examining provider to offer a contemporaneous assessment in that regard was Dr. Hoang, whose opinion is more restrictive than the ALJ's.

There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ."). Here, particularly given the progressive nature of post-polio syndrome, this Court finds that the ALJ was obliged to re-contact Dr. Ramierz to request an assessment of Plaintiff's functional limitations and/or have a medical expert review the record, including Dr. Ramierz's treatment notes and Dr. Hoang's assessment, and offer testimony interpreting that evidence.

Third, this Court notes that two non-examining State Agency review physicians opined that Plaintiff had no severe limitations. However, the ALJ did not accept those assessments (T at 30), and, without more, they cannot constitute substantial evidence in any event. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)).

For the foregoing reasons, this Court finds that the ALJ erred in discounting Dr. Hoang's assessment without further developing the record. No examining or treating physician offered a contemporaneous assessment consistent with the ALJ's RFC determination. The only such assessment (Dr. Hoang's) is more restrictive than the ALJ's findings. It is not clear the ALJ gave sufficient consideration to the progressive nature of post-polio syndrome. Although Dr. Ramierz's treatment notes provide some support for the ALJ's conclusion, he was never asked to assess Plaintiff's functional limitations and the treatment notes are too general to constitute substantial evidence sufficient to sustain the ALJ's decision to discount Dr. Hoang's assessment or to sustain the ALJ's RFC determination. A remand is therefore required.

### C.   Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General

findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified[3] as follows: He attended school through the ninth grade, but did not complete high school. (T at 867). He emigrated to the United States from Mexico at age 12. (T at 867-68). He speaks "a little" English. (T at 869). He can read in English, but struggles with comprehension. (T at 869). In terms of work history, Plaintiff worked as an assembler and in shipping and receiving, but stopped working because of foot pain and difficulty walking. (T at 871). He did not need to read or write as part of these jobs. (T at 873).

As a child, Plaintiff had polio, which affected his right side. (T at 876). At present, post-polio syndrome causes him difficulty with memory and cognition. (T at

---

[3] Plaintiff testified with the assistance of an interpreter, who translated the questions into Spanish and Plaintiff's responses into English. (T at 867).

877).  His right leg is shorter than his left. (T at 878).  He suffers from back pain. (T at 880).  Walking is painful and he needs to stop after 20 minutes. (T at 881).  He suffers from pain in both legs. (T at 882).  He has diabetes. (T at 882).  The index finger on his left hand is shortened due to an accident. (T at 883).  He began treating with Dr. Ramierz in 2011 due to back pain that was preventing him from working. (T at 887-88).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 28).

This Court finds that the ALJ's credibility determination must be revisited on remand.  The ALJ's decision to discount Plaintiff's credibility was based, in large part, upon the ALJ's review of the medical evidence and decision to discount Dr. Hoang's assessment (T at 29), both of which were flawed for the reasons outlined above. On remand, the ALJ will need to revisit the evidence, further develop the record, and then reconsider Plaintiff's credibility.

**D.     Lay Evidence**

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific

reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).

In this case, Plaintiff's niece, Fabiola Nievez, testified as follows: Her uncle's English is "poor," he is "not fluent," and primarily communicates in Spanish. (T at 892-93). He has a limited ability to read in English. (T at 893). He has difficulty following multi-step instructions (T at 894). He would have trouble shopping for items on a list written in English, both because of language issues and concentration problems. (T at 896). She testified as to Plaintiff's deterioration since a car accident in 2009. (T at 899). He has "good days" and "bad days" and on a "bad" day, he cannot get out of bed and needs assistance with his shoes. (T at 900).

The ALJ considered Ms. Nievez's testimony and gave it some weight, but afforded "greater weight" to the "longitudinal treatment records, medical source statements, and objective evidence of record." (T at 30). As noted above, the ALJ's consideration of the record was flawed – in that he failed to give appropriate consideration to the consultative examiner's opinion and did not adequately develop the record with regard to the treating physician's records and Plaintiff's functional limitations. As such, Ms. Nievez's testimony will likewise need to be revisited on remand, following reconsideration, and further development of, the overall medical record.

# E. English Language Abilities

The ALJ noted that Plaintiff's educational level is "marginal," but concluded that Plaintiff's potential illiteracy and/or overall English language difficulties were irrelevant because he was capable of performing medium work and, in particular, could perform his past relevant work as a warehouse worker. (T at 30-31). Plaintiff concedes that, if the ALJ's RFC and past relevant work conclusions are correct, the issues of literacy and English language skills are not dispositive. (Docket No. 21, at p. 36). *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)("A claimant is not per se disabled if he or she is illiterate.").

This Court is mindful of case law noting that it is an open question as to whether an ALJ is required to consider literacy at step four of the sequential evaluation. *See Id.* at 846 n. 5 (9th Cir. 2001); *see also* 20 C.F.R. 404.1564(b)(5) and 416.964(b)(5) ("Since the ability to speak, read and understand English is generally learned or increased at school we *may* consider this an educational factor") (emphasis added).

However, for the reasons outlined above, this Court finds that the ALJ's conclusions concerning Plaintiff's RFC are not supported by substantial evidence and must be revisited on remand. This necessarily means that the step four analysis will need to be conducted again. As part of remand, the ALJ will need to consider

the evidence of Plaintiff's literacy and overall language challenges and assess their impact in connection with step four and, if necessary, step five of the sequential evaluation process. *Pinto*, 249 F.3d at 846-48.

**F.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. Although Dr. Hoang's assessment is supportive of Plaintiff's allegations of disabling limitations, no treating physician opined as to Plaintiff's ability to perform work-related activities.  On the other hand, while the treatment notes of the treating physician (Dr. Ramirez) are generally supportive of the ALJ's determination, they are not sufficiently specific to constitute substantial evidence to sustain the ALJ's decision.  In addition, while the assessments of Dr. Abrams and Dr. Sobol likewise provide some support for the ALJ's determination, they are quite remote in time from the alleged onset date.  Given the progressive nature of post-polio syndrome,

there is a serious concern about the probative value of such reports and it is not clear that the ALJ considered that concern when weighing the evidence. Accordingly, this Court finds that a remand for further proceedings, and further development of the record, is the appropriate remedy.

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this case for further proceedings consistent with this Decision and Order; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 23rd day of August, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE